

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00743-CR

Jose E. **NIEVES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR2219
Honorable Steven C. Hilbig, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  June 15, 2016

AFFIRMED

Jose E. Nieves appeals his conviction for theft ($20,000 to $100,000) of a vehicle. He argues there is insufficient evidence because "no evidence of ownership was offered." We affirm the trial court's judgment.

## BACKGROUND

Nieves went to Chubby's Auto Sales, a car dealership, and purchased a vehicle using stolen identification. Nieves was thereafter indicted as follows:

[O]n or about the 31st Day of July, 2014, JOSE E NIEVES, hereinafter referred to as defendant, with intent to deprive the owner, Chubby's Auto Sales, of property,

namely: An Automobile, did then and there unlawfully, without the effective consent of the owner, appropriate said property by acquiring and otherwise exercising control over said property, said property being other than real property which had a value of Twenty Thousand Dollars ($20,000.00) or more but less than One Hundred Thousand Dollars ($100,000);

The case was tried to a jury, which convicted Nieves and sentenced him to eight years' confinement. The trial court rendered judgment imposing the sentence, and Nieves appeals.

### SUFFICIENCY OF THE EVIDENCE

Nieves's sole issue is that there is insufficient evidence that Chubby's owned the vehicle.[1] He argues that at most there was evidence the vehicle belonged to an "unnamed boss" at Chubby's, and therefore there is a material variance between the charged offense and the offense proven at trial. In reviewing the legal sufficiency of the evidence, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We review the evidence "in the light most favorable to the verdict." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). "Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally," and we must "defer to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (internal quotation marks and citations omitted).

The existence of a specific owner is an essential element of the offense of theft. *Byrd v. State*, 336 S.W.3d 242, 251 (Tex. Crim. App. 2011). "'Owner' is defined as 'a person who . . . has title to the property, possession of the property, whether lawful or not, or a greater right to

---

[1] In the Statement of the Issues, Nieves challenges the factual sufficiency of the evidence, but we no longer engage in a separate factual sufficiency review of the evidence to support the elements of an offense that the State must prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).

possession of the property than the actor[.]'" *Id.* (quoting TEX. PENAL CODE ANN. § 1.07(a)(35)(A)). "Proof of ownership can be shown by an automobile salesperson who has care, custody, and control of a new car." *Jackson v. State*, 270 S.W.3d 649, 657 (Tex. App.—Fort Worth 2008, pet. ref'd).

Sidney Guajardo, Chubby's president, testified Nieves came to Chubby's and identified himself as Primitivo Sanchez and provided Sanchez's personal information. Guajardo testified a sales manager sold a Toyota Tundra to Nieves after Nieves completed a loan application, which the trial court admitted without objection. The loan application included a sales contract and an application for title. The sales contract lists Chubby's as the seller and includes the buyer's promise to pay the total sales price for the Toyota Tundra to the seller. The application for title lists Chubby's as the seller and the previous owner of the Toyota Tundra.

Rogelio Mendez, a Chubby's salesman, also testified Nieves purchased the Toyota Tundra using Sanchez's identity. Mendez testified the Toyota Tundra belonged to his boss. Nieves contends Mendez's statement proves an "unnamed boss" at Chubby's owned the vehicle, and thus the State did not prove Chubby's was the owner. We disagree. A jury could have rationally inferred from Mendez's statement, the sales contract, and the application for title, viewed in a light most favorable to the verdict, that the truck belonged to Mendez's employer, Chubby's. We hold a rational trier of fact could have found that Chubby's Auto Sales had title, possession, or care, custody, and control of the vehicle. *See Jackson*, 443 U.S. at 319; *Laster*, 275 S.W.3d at 517; *Byrd*, 336 S.W.3d at 251; *Jackson*, 270 S.W.3d at 657.

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH